Truman WILLIAMS, Plaintiff–Appellant,

v.

Shirley S. CHATER, Commissioner of Social Security; Social Security Administration; Mid–America Program Service Center of Kansas City, Missouri; M. Debrofsky, Defendants–Appellees.

No. 95–16472.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 8, 1996.*

Decided Oct. 17, 1996.

Truman Williams, Yuma, AZ, pro se.

Dennis J. Mulshine, Acting Chief Counsel, Social Security Administration, San Francisco, CA, for defendants-appellees.

Before: WALLACE, SNEED, and RYMER, Circuit Judges.

* The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34–4.

PER CURIAM:

Truman Williams appeals from a district court judgment dismissing his constitutional challenge to 42 U.S.C. § 403(b), the excess earnings provision of the Social Security Act. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291, and we affirm.

I

Williams's battle with the Social Security Administration began more than five years ago when he challenged the calculation of his retirement benefits. In 1991, an administrative law judge (ALJ) decided that Williams had already been reimbursed for an underpayment of $50.40 in retirement benefits. The ALJ also decided that even though Williams had been notified of a $139.60 overpayment, he had not received any overpayment. Williams also asserted a number of constitutional claims, but the ALJ refused to consider them on the merits. The Appeals Council affirmed the ALJ's decision.

Williams then filed this action in federal district court, alleging that the Social Security Administration and various officers and employees had defrauded him and denied him equal protection and due process of law in the calculation of his retirement benefits. The district court construed the complaint in part as an appeal from the agency's benefits decision under 42 U.S.C. § 405(g), and entered summary judgment for the agency. It also dismissed Williams's tort and constitutional claims for lack of jurisdiction.

In an unpublished disposition, we affirmed the district court on all claims except Williams's challenge to the constitutionality of 42 U.S.C. § 403(b). We held that the district court had jurisdiction to assess the constitutionality of social security retirement benefits provisions, *see Das v. Department of Health & Human Services,* 17 F.3d 1250, 1255 (9th Cir.1994) (*Das* ), and remanded for consideration of this claim. The district court held that section 403(b) is constitutional and dismissed Williams's action.

II

Williams challenges the version of 42 U.S.C. § 403(b) in effect from 1985 through 1987. In combination with section 403(f), that statute reduced the benefits of those who continued to work after reaching age 65 by $1 for every $2 earned in excess of a set amount. This reduction did not apply to recipients over the age of 70, or to passive income such as pensions or investment profits. The current statute uses a different formula, but the basic structure has been retained.

Williams argues that section 403(b) violates both the due process and equal protection components of the Fifth Amendment because it applies only to recipients between the ages of 65 and 69, and because it does not apply to passive income. He also contends that section 403(b) infringes on his contractual right to retirement benefits, and his constitutional right to work.

When reviewing social welfare legislation like the Social Security Act, "the Due Process Clause can be thought to interpose a bar only if the statute manifests a patently arbitrary classification, utterly lacking in rational justification." *Flemming v. Nestor,* 363 U.S. 603, 611, 80 S.Ct. 1367, 1373, 4 L.Ed.2d 1435 (1960); *see also Das,* 17 F.3d at 1255. Similarly, there is no violation of the Equal Protection Clause "[i]f the classification has some reasonable basis." *Dandridge v. Williams,* 397 U.S. 471, 485, 90 S.Ct. 1153, 1161, 25 L.Ed.2d 491 (1970) (quotations omitted).

The Second Circuit considered and rejected a nearly identical challenge to section 403(b) in *Brown v. Bowen,* 905 F.2d 632 (2d Cir.1990), *cert. denied,* 498 U.S. 1093, 111 S.Ct. 979, 112 L.Ed.2d 1064 (1991). We accept the reasoning of *Brown,* and for the reasons explained therein we hold that section 403(b) does not violate the due process or the equal protection guarantees of the Fifth Amendment.

The remaining issues raised by Williams are frivolous.

AFFIRMED.